ROGERS, Plaintiff-Appellee, v. ROGERS,
Defendant-Appellant.

Ohio Appeals, Second District, Fayette County.

No. 263.   Decided May 27, 1949.

Clarke Wickensimer, Washington C. H., for plaintiff-appellee.
Irvin Carl Delscamp, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of appellee to dismiss the appeal, first, for the reason that no motion for new trial has been filed in the trial court, and second, for failure of appellant to observe Rule VII of the Rules of Practice of this court that briefs for the appellant in appeals on questions of law shall be filed within 50 days after the filing of the notice of appeal.

The first branch of the motion is untimely because we can not say at this juncture of the proceedings that the appellant would assert in his assignments of error any ground as to which a motion for new trial would be required as a basis for review.

The second branch of the motion is to the effect that appellant had employed an attorney who perfected his notice

of appeal in the cause but thereafter failed to conform to the requirements of Rule VII. Appellant's assignments of error and briefs were due under Rule VII prior to April 11, 1949. Affiant further says that "The first notice he had that his attorney had abandoned this case was after the 11th day of April, 1949, when he received from the attorney for plaintiff-appellee by registered mail a motion filed in this case, asking for dismissal of the proceedings herein * * *."

On the 25th of March, 1949, a member of this Court had a letter from Winston W. Hill, at that time the attorney for appellant, the subject matter of which was brought to the attention of the Court, in which Mr. Hill represented the difficulty which he had sustained in carrying on in his professional employment by appellant. Mr. Hill was desirous of rendering the proper professional service to appellant and called the Court's attention to some of the developments in the case. This letter was written on March 25, 1949, and the part pertinent to this motion reads:

"I heard of his (appellant's) visit and told him that I would not represent him any further in the case and told him at the time that he had no grounds on which to appeal this case. However, he insisted and stated that he would go to his attorney in Dayton, who had previously filed a $10,000.00 damage suit against his son-in-law for alienation of affections, and would secure his services. Later, before the time limit on filing the notice of appeal had run, the defendant came into my office and stated that he had not done anything about his previous assertion and at that time I told him that I would file the notice of appeal but that I was through and that he had to get other counsel and he stated that he would get his attorney in Dayton. I have heard nothing from him since that time and the time limit for filing briefs was up on the 18th day of March, 1949."

It will be noted that this letter was written more than twenty days prior to April 11, 1949, the date which is fixed by affiant as the time when he first learned of Mr. Hill's abandonment of his case. It will also be noted that the letter is specific to the effect that before the time limit for filing the notice of appeal had elapsed appellant was given notice that Mr. Hill would no longer represent him.

The letter from Mr. Hill written under circumstances therein set forth and with the purpose to be entirely ethical with his client, carries conviction with this Court. Certainly no

ulterior purpose appears for the writing of the letter by Mr. Hill.

In the situation thus developed we find no sufficient reason for granting an extender of time within which appellant may be permitted to file assignments of error and brief in this cause. The statements in the affidavit of appellant in the light of the letter of Mr. Hill, which no doubt could and would be supported by his affidavit or sworn testimony if necessary, present a very serious question as to the status of appellant on this motion.

It might further be said that although we overruled the first branch of the motion because technically it is not appropriate at this time, it is probable that the only possible assignment of error that could be urged would be insufficiency of the evidence to support the judgment. This could not be urged without the observance of the formality of a motion for a new trial.

Copies of Mr. Hill's letter to the court and the reply will be mailed to counsel for appellant.

The first branch of the motion will be overruled. The second branch will be sustained and the appeal will be dismissed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.